IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SCOTTIE H. GIBSON, § | |
|     Petitioner, § | |
| § | |
| v. § | No. 3:22-cv-00992-L(BT) |
| § | |
| DALE S. HANNA, et al., § | |
|     Respondents. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Scottie H. Gibson filed a *pro se* document the undersigned initially construed as a petition for a writ of habeas corpus under 28 U.S.C. § 2254. But as explained below, the Court should construe this action as one seeking a writ of habeas corpus under § 2241 and dismiss Gibson's petition for failure to exhaust state court remedies.

I.

Gibson is presently detained in the Johnson County Jail. On April 25, 2022, he filed a *pro se* document that the Court liberally construed as a first petition for writ of habeas corpus under 28 U.S.C. § 2254. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (recognizing that *pro se* pleadings "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotation marks omitted). On May 9, 2022, the Court entered an order pursuant to *Castro v. United States*, 540 U.S. 375 (2003), Ord. (ECF No. 6), and

1

provided Gibson with the necessary warnings associated with filing a first § 2254 petition. The Court further directed Gibson to either withdraw his petition or amend it to include all the claims he wished to raise with respect to his state conviction and/or sentence. On May 23, 2022, Gibson filed an amended petition (ECF No. 7), in which he clarifies that he is a state pretrial detainee and he is "challenging [the] legality of [his] detainment." *Id.* at 2. Gibson references Case Number DC-F202000027, and he also states, "no trial or conviction has occurred." *Id.* He further avers: (1) his Fourth Amendment rights were violated when he was subjected to an unreasonable search and seizure; (2) his Eighth Amendment rights are being violated in relation to his bail and punishment; (3) his Fourteenth Amendment rights are being violated due to his detention for twenty-nine months without being afforded a trial or a continuance of the trial date; and (4) his rights under "USCS Constitution Article I, § 9, clause 3 and 10" are being violated. *Id.* at 7-8. Gibson concludes that this Court should issue an order releasing him from pretrial detention. *Id.* at 8.

## II.

A pretrial petition, like Gibson's, is properly brought under § 2241, which applies to a person in custody, regardless of the present status of the case pending against that person or whether a court has rendered a final judgment. *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998). But a state pretrial detainee must fully exhaust available state remedies before

seeking federal habeas relief. *See Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987) (addressing a § 2241 filed by a state pretrial detainee). And exhaustion under § 2241 requires that a state pretrial detainee fairly present his claims to the state courts. *Id.* at 228. In Texas, this involves submitting the factual and legal basis of any claim to the Texas Court of Criminal Appeals (CCA). *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). An exception may exist where there is an absence of available state corrective measures available or "exceptional circumstances of peculiar urgency" make any such process ineffective to protect the petitioner's rights. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993) (quoting *Ex Parte Hawk*, 321 U.S. 114, 118 (1944)).

Here, Gibson cannot demonstrate that he exhausted his state court remedies prior to filing his petition. In his amended filing, he does not mention the exhaustion of his claims in state court. Further, an independent review of the Texas CCA's website reveals that Gibson has filed two writs of prohibition and a writ of mandamus. However, he has not presented his claims to the Texas CCA for review. Consequently, his petition should be dismissed.

### III.

For the foregoing reasons, the Court should construe this action as a petition for writ of habeas corpus filed under § 2241 and dismiss Gibson's petition without prejudice for failure to exhaust state court remedies.

Signed May 27, 2022.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).