IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SCOTTIE H. GIBSON,** | § § § § | |
| Petitioner, | | |
| v. | § § § § § § § | Civil Action No. **3:22-CV-0992-L-BT** |
| **DALE S. HANNA and DAVID VERNON**, | | |
| Respondents. | | |

# ORDER

On May 27, 2022, United States Magistrate Judge Rebecca Rutherford entered the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") (Doc. 10), recommending that the court dismiss without prejudice pro se Petitioner Scottie H. Gibson's ("Petitioner") petition for writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 3). The Report, construing Petitioner's request as brought under 28 U.S.C. § 2241 because Petition is a pretrial detainee, recommended dismissal because Petitioner failed to exhaust state remedies as required. Petitioner filed an objection to the Report, asserting that the Report is in error because he clearly specified in his petition that he exhausted all state court remedies. Doc. 14 at 1.

Having reviewed the pleadings, file, record in this case, Report, and Petitioner's objections, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Petitioner has not satisfied exhaustion of state remedies because he has not shown that his pending writs for prohibition and writ for mandamus have been resolved by the Texas Court of Criminal Appeals. Accordingly, the court **denies** Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2255 (Doc. 3), construed appropriately as brought under

28 U.S.C. § 2241, because he failed to exhaust his available state remedies as required, and for this reason, the court **dismisses without prejudice** this action.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[*] The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the magistrate judge's report filed in this case. In the event that Petitioner files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

**It is so ordered** this 29th day of September, 2022.

Sam A. Lindsay
United States District Judge

---

[*] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

> **(a)** **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
>
> **(b)** **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**Order – Page 2**