IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SCOTTIE H. GIBSON, §<br>#201901879 §<br>　　　　Petitioner, §<br>　　　　　　　　　　§<br>v. §<br>　　　　　　　　　　§<br>DALE S. HANNA, et al., §<br>　　　　Respondents. § | No. 3:20-cv-00992-L (BT) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Scottie H. Gibson has filed a motion seeking a certificate of appealability (COA). (ECF No. 25.) For the following reasons, the District Court should deny Gibson's motion.

I.

Gibson filed a *pro se* document the United States magistrate judge construed as a petition for writ of habeas corpus under 28 U.S.C. § 2254. On May 27, 2022, the magistrate judge issued findings and conclusions, recommending the Court construe this filing as a motion seeking a writ of habeas corpus under 28 U.S.C. § 2241 and dismiss it without prejudice for failure to exhaust state court remedies. Gibson filed objections (ECF No. 14), but they were overruled. And on September 29, 2022, the District Court accepted the magistrate judge's recommendation and denied Gibson's petition without prejudice. Ord. (ECF No. 22); J. (ECF No. 23). Thereafter, Gibson filed an appeal in the Fifth Circuit Court of Appeals. (ECF No. 24.)

1

On October 24, 2022, Gibson filed the instant motion seeking a COA. (ECF No. 25.) In his motion, Gibson requests a COA be sent to the Clerk of the Court for the Fifth Circuit. He also requests two copies of the COA for his personal records.

II.

Gibson is a state pretrial detainee, so a COA is required to appeal a district court's decision denying him relief under § 2241. *Gibson v. Orleans Parish Sheriff*, 2014 WL 1066987, at *1 (5th Cir. Mar. 20, 2014) (citing 28 U.S.C. § 2253(c)(1)(A); *Stringer v. Williams,* 161 F.3d 259, 262 (5th Cir. 1998)). The standard for granting a COA requires the petitioner to make a substantial showing of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *see also Elizalde v. Dretke,* 362 F.3d 323, 328 (5th Cir. 2004) (citing 28 U.S.C. § 2253(c)(2)). In making the requisite showing, the petitioner does not have to establish that he would prevail on the merits. *See Slack,* 529 U.S. at 483-84. Rather, the petitioner must demonstrate only that the issues are subject to debate among jurists of reason, a court could resolve the issues in a different manner, or the questions presented are worthy of encouragement to proceed further. *See id. at 484.* Any doubt regarding whether to grant a COA should be resolved in favor of the petitioner. *See Miller v. Johnson,* 200 F.3d 274, 280-81 (5th Cir. 2000). If the district court denies a COA, the parties may not appeal the

denial, but they may seek a COA from the court of appeals. Fed. R. App. Proc. 22(a).

The magistrate judge noted that a pretrial petition, like Gibson's, was properly filed under § 2241, and found his case should be construed as one seeking a writ of habeas corpus filed under § 2241. FCR 2-3 (ECF No. 10). Gibson raised four claims in his habeas petition. *Id.* at 2. The magistrate judge found that Gibson failed to show that he had exhausted his state court remedies prior to filing his habeas petition in this Court. *Id.* at 3. Likewise, the Court noted that an independent review of the Texas Court of Criminal Appeals's (CCA) website revealed that Gibson failed to present his claims for review prior to filing his habeas petition. On September 29, 2022, the District Court accepted the recommendation and construed this action as one seeking a writ of habeas corpus filed under § 2241 and dismissed it without prejudice. Considering the magistrate judge's recommendation and the District Court's acceptance of that recommendation to dismiss the petition without prejudice for failure to exhaust state court remedies, Gibson has failed to demonstrate his claims are worthy of further encouragement. *See Slack,* 529 U.S. at 484. Likewise, he has not shown that any of his claims were properly exhausted, otherwise subject to debate by jurists of reason, or that another court may resolve the claims differently. *See id.* Therefore, Gibson has failed to demonstrate that he is entitled to a COA, and the District Court should deny his motion.

III.

For the foregoing reasons, the Court should DENY Gibson's motion.

SO RECOMMENDED.

Signed November 2, 2022.

　　　　　　　　　　　　　　　　　　　　　
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)