IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SCOTTIE H. GIBSON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. **3:22-CV-0992-L-BT** |
| | § | |
| DALE S. HANNA and DAVID VERNON, | § | |
| | § | |
| Respondents. | § | |

# ORDER

On November 15, 2022, United States Magistrate Judge Rebecca Rutherford entered the Findings, Conclusions, and Recommendation of the United States Magistrate Judge (the "Report") (Doc. 26), recommending that the court deny with prejudice pro se Petitioner Scottie H. Gibson's ("Petitioner") motion seeking a certificate of appealability ("COA") (Doc. 25). The Report recommends the court deny the motion because Petitioner failed to demonstrate that his dismissed claim for habeas relief substantially showed the denial of a constitutional right. Report 2-3 (citing *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000)). In a previous order, the court dismissed his original habeas claim without prejudice for failure to exhaust state remedies. Doc. 22.

Petitioner filed an objection to the Report recommending denial of his motion seeking a COA, asserting: (1) that the Report gave an incorrect year in the style's case number; (2) that his petition was improperly construed as brought under 28 U.S.C. § 2241, which only applies to federal detainees, and because Petitioner is in state custody, Section 2254 is the proper vehicle for his claim because he is a state detainee; and (3) that Petitioner has met all exhaustion requirements under Section 2254 because his appeal started at the 249th Judicial District Court, then the 10th

Court of Appeals, and then the Texas Court of Criminal Appeals, and "[a]ll attempts were denied and moot." Doc. 27 at 2-43.

As to Petitioner's objection that the Report's mistaken digit in the case style renders the Report deficient by law, Petitioner correctly notes the Report's error but does not present any legal precedent for his conclusory claim that such an error renders the entire Report void. Further, Petitioner does not show any prejudice. The Report was correctly docketed in his case, and he received notice of the Report with sufficient time to file objections, which he did. Because Petitioner does not point to any support for his objection to the Report, and the court can find none, the court **overrules** this objection.

Having reviewed the Motion, objections, record, Report, and applicable law, and having conducted a de novo review of the portions of the Report to which Objections were made, the court **determines** that the findings and conclusions of the Magistrate Judge are correct, and **accepts** them as those of the court. Accordingly, Petitioner's objection (Doc. 27) is **overruled**, and his Motion seeking a certificate of appealability (Doc. 25) is **denied with prejudice.** Petitioner incorrectly asserts that Section 2251 is inapplicable because it only applies to federal detainees; rather, Section 2251(d) provides instructions specific to state detainees. *See* 28 U.S.C. § 2251(d). For this reason, any objection Petitioner makes regarding the Report construing his Motion under Section 2251 or Section 2254's state remedies exhaustion requirement is legally incorrect and therefore, is **overruled**.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[*] The court determines that Petitioner has failed to

---

[*] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

**Order – Page 2**

show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack,* 529 U.S. at 484. In support of this determination, the court accepts and incorporates by reference the magistrate judge's report filed in this case. In the event that Petitioner files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

**It is so ordered** this 19th day of December, 2022.

Sam A. Lindsay
United States District Judge

---

**(a)** **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

**(b)** **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**Order – Page 3**